**Kenneth R. HANSHAW, Plaintiff,**

v.

**Governor of the State of West Virginia, Arch A. MOORE, Jr., et al, Defendants.**

**Civ. A. No. 2:86–0125.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Feb. 14, 1986.

Kenneth R. Hanshaw, pro se.

Herman Canady, Charleston, W.Va., for defendants.

### ORDER

HADEN, Chief Judge.

Pending before the Court is the motion of the Defendant, Herman G. Canady, Jr., to dismiss. The *pro se* Plaintiff has filed a memorandum in response.

Essentially the Plaintiff complains of the treatment he is receiving in state court

attendant to a divorce action. He wishes to put a stop to the entire process. In particular, he requests the Court to enjoin a state court hearing scheduled for February 14, 1986.

The Plaintiff's complaint (and cause of action) suffers from many problems.* Foremost of these is its affront to traditional notions of state-federal comity. For instance, the Plaintiff basically wants injunctive relief. Codified in 28 U.S.C. § 2283, however, is the policy that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The United States Supreme Court held in *Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 286, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970), that the statute is "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." The Plaintiff identifies no applicable exception and the Court is unable to find one.

The Plaintiff is obviously involved in a serious domestic dispute in the courts of Kanawha County, West Virginia. The issues relating to such a dispute, however, are not cognizable under the limited jurisdiction of United States district courts. As the United States Supreme Court has said, "the whole subject of the domestic relations of husband and wife ... belongs to the laws of the States and not to the laws of the United States." *Ex parte Burres*, 136 U.S. 586, 593–94, 10 S.Ct. 850, 852–53, 34 L.Ed. 1500 (1890). Such matters are better left to the expertise of the state court system.

Accordingly, for the reasons aforementioned, the Defendant's motion to dismiss is granted. The Plaintiff's complaint is ORDERED dismissed with prejudice.

---

* The Plaintiff has requested that a three-judge panel be convened to declare the state domestic relations system unconstitutional. Although he cites 28 U.S.C. § 2284, the requested procedure

The Clerk is directed to send a certified copy of this Order to the *pro se* Plaintiff and to the Defendants of record.

was formerly implemented under 28 U.S.C. § 2281. That statute, however, was repealed in 1976.